IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JERMAINE J. DAVIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 16-cv-3233 |
| **JUDGE LESLIE GRAVES,** | ) |
| **Defendant.** | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Sangamon County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

On August 18, 2016, Plaintiff filed a Complaint (d/e 1) against Sangamon County Circuit Court Judge Leslie Graves.  Plaintiff is awaiting trial on charges of first degree murder and armed robbery in Sangamon County Case No. 14-cf-194, and Judge Graves is the presiding judge.[1]  Plaintiff is proceeding pro se in the state court case.

Plaintiff alleges that he filed two motions in the state court case that Judge Graves denied without "proper case law or competing facts."  See Compl. at p. 7, ¶ 9.  Plaintiff does not attach copies of the motions to the Complaint but provides a description of the motions.[2]  Id. at p. 5-7, ¶¶ 2-6.  The first motion asked for an investigation of certain recordings by someone other than the Springfield Police Department or the State's Attorney's office.  The second motion asked that the State make the recordings available to Plaintiff, as well as provide suitable facilities for inspection,

---

[1] See http://records.sangamoncountycircuitclerk.org/sccc (last visited August 25, 2016). A court may take judicial notice of documents in the public record. Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015).

[2] Plaintiff advises the Court in a separate document that he will send copies of the motions once he possesses more stamped envelopes.  See d/e 3.

testing, copying, and photographing such material. Plaintiff expresses his belief that the recordings were tampered with and incomplete. Plaintiff also believes that Judge Graves will not be neutral and holds a vendetta against him. Id. at p. 7, ¶ 10.

For relief, Plaintiff asks for a new ruling on the two motions and a change of venue. Id. at p. 7, ¶ 11. Specifically, Plaintiff seeks an:

> order of judgment of restoration of the court records as provided in the Act[3] and the investigation and testing by a specialist of the recordings and if possible a change of place of trial.

Id. at p. 8. Plaintiff does not seek money damages.

Plaintiff alleges in a separate document, which the Court construes as part of the Complaint, that his constitutional rights to a fair trial and equal protection of the law have been violated. See d/e 3. Therefore, the Court will construe Plaintiff's Complaint as being brought under 42 U.S.C. § 1983.

The acts by Judge Graves about which Plaintiff complains are judicial acts. See, e.g., Hollins v. Vandersnick, No. 07-4037, 2007

---

[3] This is apparently a reference to 720 ILCS 5/32-8, tampering with public records. Section 32-8(e) provides: "Any party litigant who believes a violation of this Section has occurred may seek the restoration of the court record as provided in the Court Records Restoration Act."

WL 2937073 at *1 (C.D. Ill. Aug. 10, 2007) (noting that a judge's rulings during a hearing are acts performed in a judge's judicial capacity). A judge is entitled to absolute judicial immunity for her judicial acts unless she acted in the clear absence of jurisdiction, even if the action is erroneous, malicious, or in excess of her authority. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1015 (7th Cir. 2000).

Until 1996, this doctrine of judicial immunity shielded judicial officers only from money damages but not from prospective injunctive relief. See Pulliam v. Allen, 466 U.S. 522 (1984). In 1996, Congress amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983). The Third Circuit has described the added language as follows:

> The ... amendatory language to § 1983 does not expressly authorize suits for declaratory relief against judges. Instead, it implicitly recognizes that declaratory relief is

> available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate.... A review of the legislative history confirms this reading of the amendment. The Senate Report accompanying the amendment suggests that the amendment's purpose was to overrule the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522, 541–43, 104 S. Ct. 1970, 80 L.Ed.2d 565, 80 L.Ed.2d 565 (1984)(holding that judicial immunity was not a bar to awards of attorney's fees and costs or to demands for injunctive relief), not to alter the landscape of declaratory relief.

Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197–98 (3d Cir. 2000); see also, e.g., Sargent v. Emons, 582 F. App'x 51, 53 (2d Cir. 2014) (unpublished) ("Claims for injunctive relief under section 1983 against judges acting in their official capacity are therefore barred by absolute judicial immunity as long as declaratory relief remains available, the judge did not exceed her jurisdiction, and the plaintiff does not allege that a declaratory judgment was violated.")

Plaintiff seeks injunctive relief against a judicial officer. Under § 1983, he is not entitled to that relief because he does not allege that a declaratory decree was violated, that declaratory relief is unavailable, or that Judge Graves acted in excess of her authority.

Even if this Court were to assume that declaratory relief is unavailable and injunctive relief is not barred under § 1983, the intervention Plaintiff seeks is inappropriate. The policies underlying judicial immunity suggest that immunity should be granted where, as here, a litigant seeks an injunction compelling a judge to alter her former decision. See Johnson v. State of N.J., 869 F. Supp. 289, 294 (D.N.J. 1994) (quoting Pierson v. Ray, 386 U.S. 547 (1967)) (noting that the policies governing judicial immunity suggest such immunity should be applied in a case where a litigant seeks to injunction compelling a judge to alter his former decision because a judge should not have to fear that unsatisfied litigants will file lawsuits against him).

Moreover, Plaintiff cannot show an entitlement to injunctive relief or that the risk of injury to him is great and immediate. See Clarry v. Hatch, No. 04-CF-4167-JPG, 2005 WL 3234394, at *2-3 (S.D. Ill. Nov. 28, 2005) (citing O'Shea v. Littleton, 414 U.S. 488, 499 (1974)) (noting that to obtain injunctive relief, a plaintiff must show that he has no adequate remedy at law and will suffer irreparable injury without the requested relief). Plaintiff has an adequate remedy at law. He can appeal the state court decisions

and, to the extent he believes Judge Graves is biased, seek to have her disqualified. Clarry, 2005 WL 3234394, at * 3 (plaintiff failed to make the requisite showing that he was entitled to injunctive relief). Plaintiff has not provided any basis for this Court's intervention in the state court case. Therefore, considerations of comity and federalism counsel against the requested intervention. See Clarry 2005 WL 3234394, at *3 (the plaintiff's claim asking that the district court enjoin further proceedings before the state court judge and transfer the action to another venue was dismissed for want of equity where "considerations of comity and federalism . . . strongly counsel against the requested intervention").

Finally, even if the Court interpreted Plaintiff's complaint as seeking a writ of mandamus rather than a claim under § 1983, this Court does not have the authority to issue a mandamus against state court judge to direct her in the performance of her duties. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (finding that the court did not have power under the All Writs Act to "issue mandamus to a state judicial officer to control or interfere with state court litigation"); Davis v. Spoden, No. 09-CV-002-BBC, 2009 WL 483180, at *1 (W.D. Wis. Feb. 25, 2009) ("Federal district courts

lack jurisdiction to issue a writ of mandamus to direct state courts in the performance of their duties.")

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) Any amendment to the Complaint would be futile because Judge Graves is immune from suit and, even if she were not immune from Plaintiff's claims for injunctive relief, considerations of comity and federalism counsel against the requested intervention.  This case is therefore closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

4) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of

judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**6)    The clerk is directed to record Plaintiff's strike in the three-strike log.**

**7)    If not already done, the clerk is directed to grant Plaintiff's petition to proceed in forma pauperis for the purpose of allowing Plaintiff to pay the filing fee in installments.**

ENTERED: August 25, 2016

FOR THE COURT:

                                          s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE